UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1923
_____

WILLIAM DEFORTE,
Appellant

v.

BOROUGH OF WORTHINGTON;
KEVIN FEENEY, Individually and as Mayor of the Borough of Worthington;
BARRY ROSEN, Individually and as a member of
Council of the Borough of Worthington and in his capacity as
elected constable for the Borough of Worthington and in his capacity as
Public Safety Director for the Borough of Worthington;
GERALD RODGERS, Individually and as a police officer of the Borough of
Worthington

_____

No. 17-1924
_____

EVAN TOWNSEND,
Appellant

v.

BOROUGH OF WORTHINGTON;
KEVIN FEENEY, Individually and as Mayor of the Borough of Worthington;
BARRY ROSEN, Individually and as a member of Council of the Borough
of Worthington and in his capacity as elected constable for the
Borough of Worthington and in his capacity as Public Safety Director
for the Borough of Worthington;
GERALD RODGERS, Individually and as a police officer
of the Borough of Worthington

Before: SMITH, *Chief Judge,* GREENAWAY, JR., and KRAUSE, *Circuit Judges*

———————————

ORDER

———————————

In a petition for certification of question of state law to the Pennsylvania Supreme Court, this Court requested an answer to a question regarding the interpretation of two Pennsylvania statutes: the Borough Code and the Police Tenure Act. The Pennsylvania Supreme Court granted the petition and issued an opinion dated July 17, 2019. The Court answered our petition, stating:

> In sum, then, and in answer to the two-part question forwarded by the Third Circuit: (1) the civil service protections embodied in the Borough Code and the Tenure Act are broadly *in pari materia* insofar as they are intended to govern all borough police forces; and (2) when calculating the size of a borough police force in any given case the same test should be used. More particularly, the "normal working hours" criterion contained in the Borough Code should be employed to determine how many members a borough police force has for purposes of deciding whether the Tenure Act's two-officer maximum or the Borough Code's three-officer minimum is implicated.

*DeForte v. Borough of Worthington*, No. 24 WAP 2018, __A.3d__, 2019 WL 3216545, *7 (Pa. July 17, 2019).

In reaching this conclusion, the Pennsylvania Supreme Court also provided guidance on whether the exclusion under the Borough Code for "extra police" serving on an hourly basis applied. It instructed that the "statutory exclusion does not apply to part-time officers who are not 'extra police.'" *Id.* at *5. In the Court's view, the facts as we described them, indicated the plaintiffs were part-time officers, but not necessarily "extra police." *Id.* For that reason, the exclusion was of "no relevance" in answering whether one of the statutes applied. *Id.* In addition, the Court explained that an "hourly wage is a form of compensation" that would satisfy the statutory criteria of being officers "paid a salary *or compensation* for [their] work by the borough" under the Borough Code. *Id.* at *6 (emphasis and alteration in original) (quoting 53 P.S. § 46195). Part-time work, the Court declared, "is not dispositive." *Id.*

Given these answers by the Pennsylvania Supreme Court, we conclude that William DeForte and Evan Townsend may have a property interest that is sufficient to support their respective procedural due process claims. For that reason, we hereby VACATE the District Court's judgments entered on March 24, 2017, and REMAND for further proceedings.

By the Court:

s/ D. Brooks Smith
U.S. Chief Circuit Judge

ATTEST:

s/Patricia s. Dodszuweit
Clerk

DATED: September 5, 2019
JK/cc: All Counsel of Record

3